IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FRANTZ JEAN,

     Plaintiff,

vs.

ALL ROADS KENWORTH LLC,
a Foreign Limited Liability Company,

     Defendant.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, FRANTZ JEAN, sues Defendant, ALL ROADS KENWORTH LLC, and shows:

### Introduction

1. This is an action by FRANTZ JEAN against his current employer for unpaid overtime and unpaid wages pursuant to the Fair Labor Standards Act and Florida law. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §207 and Florida law. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3. The claim arose within the Southern District of Florida, which is where venue is proper.

### Parties and General Allegations

4. Plaintiff, FRANTZ JEAN, (hereinafter "JEAN") a resident of Broward County, was at all times material, employed by ALL ROADS KENWORTH LLC, as a parts

driver, was an employee as defined by 29 U.S.C. § 203(e), and during his employment with ALL ROADS KENWORTH LLC, and was engaged in commerce or in the production of goods for commerce.

5.      Defendant, ALL ROADS KENWORTH LLC (hereinafter, "ALL ROADS KENWORTH"), is a Foreign limited liability company doing business throughout the United States with facilities Florida, including Fort Lauderdale, Florida, where JEAN worked. ALL ROADS KENWORTH is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the facility where JEAN was employed.  At all times pertinent to this Complaint, ALL ROADS KENWORTH operates as an organization which sells and/or markets its services and/or goods to customers throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and ALL ROADS KENWORTH obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

**Count I – Violation of FLSA by Defendant ALL ROADS KENWORTH – Overtime**

6.      Plaintiff, FRANTZ JEAN, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 5 above.

7.      Since on or about March 2022 up to and including the date of filing this Complaint, Defendant ALL ROADS KENWORTH has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically JEAN, during the entirety of his employment, has worked in excess of 40 hours a week most weeks of his employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed, as ALL ROADS KENWORTH has a policy of automatically deducting 30 minutes daily from its employees' compensable hours for a meal break that JEAN was not able to take because of the workload. Thus, during most workweeks, JEAN worked an additional 2.5 hours weekly without compensation.

8.      The failure to pay overtime compensation to JEAN is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative or professional employee.

9.      ALL ROADS KENWORTH's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and JEAN's status as non-exempt, and it was well aware that JEAN was unable to take a bona fide uninterrupted meal break, but chose to ignore this and failed to pay him in accordance with the Act.

10.     JEAN is entitled pursuant to 29 U.S.C. § 216(b), to recover from ALL ROADS KENWORTH:

        a.      All unpaid overtime that is due;

        b.      As liquidated damages, an amount equal to the unpaid overtime owed;

        c.      The costs of this action, and;

d.    A reasonable attorney's fee.

WHEREFORE, Plaintiff, FRANTZ JEAN, prays that this Court will grant judgment against Defendant ALL ROADS KENWORTH:

a.     awarding JEAN payment of overtime compensation found by the court to be due to him under the Act, including pre-judgment interest;

b.     awarding JEAN an additional equal amount as liquidated damages;

c.     awarding JEAN his costs, including a reasonable attorney's fee; and

d.     granting such other and further relief as is just.

### Count II –Unpaid Wages – Non-Overtime Wages

11.    Plaintiff, FRANTZ JEAN, realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 10 above.

12.    Due to holidays and other days that JEAN may not have worked a full day, there may be several workweeks where JEAN did not work overtime, but still was not paid for all of his hours worked.

13.    JEAN agreed to work for ALL ROADS KENWORTH for an hourly rate for all hours worked.

14.    The failure to pay JEAN his agreed upon wage for all hours worked entitles him to be compensated in full for the same.

15.    JEAN is entitled to attorney's fees and costs pursuant to Florida Statutes § 448.08.

WHEREFORE, Plaintiff, FRANTZ JEAN, prays that this Court will grant judgment against Defendant ALL ROADS KENWORTH:

a.     awarding JEAN payment of all unpaid wages found by the court to be due to him under the Florida law, including pre-judgment interest;

      b.      awarding JEAN his costs, including a reasonable attorney's fee; and

      c.      granting such other and further relief as is just.

## Jury Demand

Plaintiff demands trial by jury.

Dated: March 19, 2025
Plantation, Florida                    Respectfully submitted,


*/s/ Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
ROBERT S. NORELL, P.A.
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
*Counsel for FRANTZ JEAN*